UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAROLYN D.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.

CASE NO. 3:20-CV-5657-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes that the Administrative Law Judge ("ALJ") erred in evaluating Plaintiff's mental impairments at step two of the sequential evaluation, and in not assessing residual functional capacity ("RFC") restrictions consistent with the limitations imposed by these impairments.

1    Had the ALJ properly evaluated this condition, Plaintiff's RFC may have included

2 additional limitations consistent with a finding of disability. Accordingly, the ALJ's error is not

3 harmless and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. §

4 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent

5 with this Order.

6    On remand, the ALJ shall take steps to develop the record, including ordering a

7 psychological examination or consulting a medical expert concerning the nature and extent of

8 Plaintiff's mental impairments.

9                                    FACTUAL AND PROCEDURAL HISTORY

10    Plaintiff filed an application for DIB on August 21, 2018, alleging a disability onset date

11 of March 15, 2017. AR 13, 115-16. Plaintiff's application was denied initially and upon

12 reconsideration. AR 13, 70-72, 76-82. On October 3, 2019, ALJ Lawrence Lee held a hearing.

13 AR 26-53. On October 23, 2019, the ALJ issued a decision finding that Plaintiff was not

14 disabled. AR 10-21. On May 27, 2020, the Social Security Appeals Council denied Plaintiff's

15 request for review. AR 1-6. Plaintiff filed a complaint in this Court seeking judicial review of the

16 ALJ's decision on July 29, 2020. Dkt. 4.

17    In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) not properly

18 evaluating Plaintiff's mental impairments at step two of the sequential evaluation; (2) not

19 providing clear and convincing reasons for discounting Plaintiff's symptom testimony; and (3)

20 improperly rejecting lay witness testimony from Plaintiff's spouse. Dkt. 22, pp. 11-16. Plaintiff

21 asks this Court to remand this case for an award of benefits. *Id.* at 16-17.

22

23

24

1

STANDARD OF REVIEW

2  Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

3  social security benefits if the ALJ's findings are based on legal error or not supported by

4  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

5  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

6

DISCUSSION

7  **I.      Whether the ALJ erred at step two of the sequential evaluation.**

8  Plaintiff contends that the ALJ erred by not assessing her mental impairments at step two

9  of the sequential evaluation. Dkt. 22, pp. 11-16.

10  At step two of the sequential evaluation, the ALJ must determine if the claimant suffers

11  from any medically determinable impairments that are "severe." 20 C.F.R. § 404.1520(a)(4)(ii).

12  An impairment is not considered to be "severe" if it does not "significantly limit" a claimant's

13  mental or physical abilities to do basic work activities. 20 C.F.R. § 416.920(c); Social Security

14  Ruling ("SSR") 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and

15  aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b); SSR 85-28, 1985 WL 56856, at

16  *3. An impairment is not severe if the evidence establishes only a slight abnormality that has "no

17  more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856, at

18  *3; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

19  At step two of the sequential evaluation, the ALJ found that Plaintiff did not have any

20  severe mental impairments, and did not include any work-related mental limitations in Plaintiff's

21  residual functional capacity. AR 16. The ALJ did not explain his rationale at step two, but

22  assigned weight to the opinions of two non-examining state agency consultants who found that

23  Plaintiff did not have any severe mental impairments, reasoning that the medical record from the

24

1    period at issue did not contain evidence of any mental health complaints or treatments. AR 18,

2    58-59, 66-67.

3          The ALJ's finding that Plaintiff had no mental health complaints during the period at

4    issue is not supported by substantial evidence.

5          Plaintiff was first diagnosed with a psychotic disorder in 2005 or 2006. AR 198-202, 228-

6    29. When applying for disability benefits, Plaintiff stated that she suffered from several

7    psychiatric impairments, including schizophrenia, dysthymia, and depression. AR 136. Plaintiff

8    and her husband testified that her mental health impairments manifested during the period at

9    issue, with Plaintiff exhibiting paranoia, anxiety, and other symptoms consistent with a psychotic

10   disorder. AR 144-45, 152, 154.

11         Plaintiff's testimony is consistent with the medical record, which reveals that during the

12   period at issue, Plaintiff repeatedly complained of these symptoms during physician

13   appointments, and was hospitalized in late July and early August of 2018 due to symptoms of

14   psychosis. AR 227-28, 244, 266, 269, 345-46, 348, 359, 368. On August 27, 2018, Plaintiff's

15   physician, Robert Grumer, D.O., opined that Plaintiff had a "long history" of psychotic

16   symptoms, likely suffered from a delusional disorder, and was not capable of engaging in gainful

17   employment. AR 345-47. Dr. Grumer added that Plaintiff's desire to appear normal would make

18   her minimize symptoms which could cause her to not appear ill enough for disability, and stated

19   that Plaintiff's paranoid would "definitely get in the way" if she attempted to work. *Id.* at 347.

20         Accordingly, the ALJ erred in evaluating Plaintiff's mental health impairments at step

21   two of the sequential evaluation.

22

23

24

1    **II.    Other Issues.**

2        Plaintiff contends that the ALJ erred in evaluating her symptom testimony and lay

3    witness testimony from her spouse. Dkt. 22, pp. 3-11. Because Plaintiff will be able to present

4    new evidence and testimony on remand, and because the ALJ's reconsideration of the record

5    may impact her assessment of this evidence, the ALJ shall instead reconsider this evidence as

6    necessary on remand.

7    **III.    Remedy.**

8        Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 22, pp. 16-17.

9    The Court may remand a case "either for additional evidence and findings or to award benefits."

10   *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an

11   ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for

12   additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)

13   (citations omitted). However, the Ninth Circuit created a "test for determining when evidence

14   should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d

15   1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

16       (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
         claimant's] evidence, (2) there are no outstanding issues that must be resolved
17       before a determination of disability can be made, and (3) it is clear from the
         record that the ALJ would be required to find the claimant disabled were such
18       evidence credited.

19       *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir.

20   2002). Here, the Court has determined that the ALJ must re-evaluate Plaintiff's mental health

21   impairments at step two of the sequential evaluation and assess RFC limitations consistent with

22   the limitations caused by these impairments. On remand, the ALJ shall take steps necessary to

23   develop the record, including securing an opinion from an examining psychologist or a medical

24

1   expert concerning the limitations caused by Plaintiff's mental health impairments. *DeLorme v.*

2   *Sullivan*, 924 F.2d 841, 847-849 (9th Cir. 1991) (The ALJ has a duty to develop the record, even

3   when the claimant is represented by an attorney. This is particularly important in cases where the

4   claimant suffers from mental impairments, "'[b]ecause mentally ill persons may not be capable

5   of protecting themselves from possible loss of benefits by furnishing necessary evidence

6   concerning onset, development should be undertaken in such cases to ascertain the onset date of

7   the incapacitating impairment.") (internal citations omitted).

8         In so doing, the ALJ shall consider Dr. Grumer's opinion that Plaintiff's desire to seem

9   normal may make her minimize symptoms, and potentially cause her to appear less impaired.

10        Therefore, there are outstanding issues which must be resolved and remand for further

11  administrative proceedings is appropriate.

12                                    CONCLUSION

13        Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

14  Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

15  this matter is remanded for further administrative proceedings in accordance with the findings

16  contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

17        Dated this 27th day of April, 2021.

18

19

20        David W. Christel
          United States Magistrate Judge

21

22

23

24